UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAKESIDE INDUSTRIES INC., <br><br> Plaintiff, <br> v. <br><br> GENERAL REINSURANCE CORPORATION et al., <br><br> Defendant. | CASE NO. 3:24-cv-05754-DGE <br><br> ORDER TO SHOW CAUSE |

This matter comes before the Court on its own review of the record. Plaintiff asserts that this Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332, the diversity jurisdiction statute. (Dkt. No. 1 at 4.) However, Plaintiff's complaint leaves ambiguity as to the basis for diversity jurisdiction.

Plaintiff is a Washington corporation with its principal place of business in Issaquah, Washington. (*Id.* at 2; Dkt. No. 3.) Defendants are all corporate entities, insurers licensed to sell insurance in Washington and incorporated in Connecticut, New York, Illinois, New Hampshire, and Massachusetts, respectively. (Dkt. No. 1 at 2–4.) Despite that, Plaintiff also states that

ORDER TO SHOW CAUSE - 1

"[u]pon information and belief, all of the defendants are residents of, are domiciled within, or have transacted business within the state of Washington." (*Id.* at 2.) That statement creates problems for the diversity analysis.

A corporate defendant is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c). The "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities. . . . And in practice it should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Moreover, "[t]he diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court . . . each plaintiff must be diverse from each defendant." *Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001). Failure to meet the requirements of the diversity statute for each defendant destroys "'complete diversity,' rendering the entire case beyond the federal court's power to decide." *Id.* at 1005.

Here, if any of the defendants actually "are residents of, [or] are domiciled within" Washington, it would ruin complete diversity of the parties. As stated above, a corporate defendant is "at home" in two places: its place of incorporation and its principal place of business. Plaintiff has pleaded that Defendants are each incorporated outside of Washington, but the complaint does not state Defendants' principal places of business. If any defendant is in fact domiciled in Washington, i.e. its principal place of business is within this state, complete diversity would be destroyed and the Court would not have jurisdiction over this matter.

Therefore, Plaintiff is ordered to show cause no later than **October 4, 2024** why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff may do so by amending

ORDER TO SHOW CAUSE - 2

its complaint to state that no defendant is domiciled in Washington, and providing information (to the extent possible) as to the principal place of business for each defendant.

The Clerk is directed to calendar the date for Plaintiff's response to this Order.

DATED this 25th day of September 2024.

David G. Estudillo
United States District Judge

ORDER TO SHOW CAUSE - 3