The Hon. David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAKESIDE INDUSTRIES, INC., | Case No. 3:24-cv-05754-DGE |
| Plaintiff, | STIPULATED ORDER ENTERING PARTIAL DECLARATORY JUDGMENT REGARDING PLAINTIFF LAKESIDE INDUSTRIES, INC., CLAIMS AGAINST DEFENDANTS THE PHOENIX INSURANCE COMPANY; ST. PAUL FIRE AND MARINE INSURANCE COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY; FIDELITY AND GUARANTY INSURANCE UNDERWRITERS INC. |
| v. | |
| GENERAL REINSURANCE CORPORATION; INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; LIBERTY MUTUAL INSURANCE COMPANY; SAFECO INSURANCE COMPANY; TIG INSURANCE COMPANY; PHOENIX INSURANCE COMPANY; ST. PAUL FIRE & MARINE INSURANCE COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY; FIDELITY AND GUARANTY INSURANCE UNDERWRITERS INC., | |
| Defendants. | |

This order enters partial declaratory judgment with regard to the claims of Plaintiff Lakeside Industries, Inc. ("Lakeside") against Defendants The Phoenix Insurance Company

STIPULATED ORDER ENTERING PARTIAL
DECLARATORY JUDGMENT REGARDING PLAINTIFF
LAKESIDE INDUSTRIES, INC., CLAIMS AGAINST
DEFENDANTS THE PHOENIX INSURANCE COMPANY;
ST. PAUL FIRE AND MARINE INSURANCE COMPANY;
UNITED STATES FIDELITY AND GUARANTY
COMPANY; FIDELITY AND GUARANTY INSURANCE
UNDERWRITERS INC.

Case No. 3:24-cv-05754-DGE
**Error! Unknown document property name.**

THE NADLER LAW GROUP PLLC
4621 S K St
Tacoma, WA 98408
(206) 621 1433

("Phoenix"), St. Paul Fire and Marine Insurance Company ("St. Paul"), United States Fidelity and Guaranty Company ("USF&G") and Fidelity and Guaranty Insurance Underwriters, Inc. ("FGIU") for coverage for Lakeside's environmental liability under policies issued by Phoenix, St. Paul, USF&G and FGIU for which Lakeside alleges Phoenix, St. Paul, USF&G and FGIU are responsible.

**A.    The Sites**

The **"Aberdeen Site"** refers to the cleanup site known as "Lakeside Industries Aberdeen" with  Facility Site ID 84657452 and Cleanup Site ID 3390, as currently defined or may be defined in the future by Washington Department of Ecology or any other regulatory entity with jurisdiction, which includes, but is not limited to, anywhere known or newly discovered contamination has come to be located on, in, or migrating to or from the real property with Grays Harbor County tax parcel number 317091011005 and currently identified with the street address 2400 Sargent Boulevard, Aberdeen, Washington.

The **"Longview Site"** refers to the cleanup site known as "Lonestar" and "Cowlitz Redimix Inc." with Facility Site ID 81384185 and Cleanup Site ID 10598, as currently defined or may be defined in the future by Washington Department of Ecology or any other regulatory entity with jurisdiction, which includes, but is not limited to, anywhere contamination has come to be located on, in, or migrating to or from the real property with Cowlitz County tax parcel numbers 10638, 10645, and 106470100, and currently identified by the Department of Ecology with the street address 280 Tennant Way, Longview, Washington. On June 27, 2024, with Resolution No. 2505, the City of Longview determined that a portion of Tennant Way will be known as Swanson Way. The current street addresses for the real property associated with those parcel numbers include 500 Swanson Way, 400 Swanson Way, and 300 Swanson Way in Longview, Washington.

STIPULATED ORDER ENTERING PARTIAL DECLARATORY JUDGMENT REGARDING PLAINTIFF LAKESIDE INDUSTRIES, INC., CLAIMS AGAINST DEFENDANT THE PHOENIX INSURANCE COMPANY; ST. PAUL FIRE AND MARINE INSURANCE COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY; FIDELITY AND GUARANTY INSURANCE UNDERWRITERS INC.

2

THE NADLER LAW GROUP PLLC
4621 S K St
Tacoma, WA 98408
(206) 621 1433

Case No. 3:24-cv-05754-DGE

The term **"Centralia Site"** refers to the cleanup sites known as "Lakeside Industries Centralia" with Facility Site ID 13796544 and Cleanup Site ID 15050 and "Lakeside Industries Former Asphalt Plant" with Facility Site ID 13796544 and Cleanup Site ID 15055, as currently defined or may be defined in the future by Washington Department of Ecology or any other regulatory entity with jurisdiction, which includes, but is not limited to, anywhere contamination has come to be located on, in, or migrating to or from the real property with Lewis County tax parcel numbers 023602001001 and 009772001000 and currently identified with the street address 2001 Johnson Road, Centralia, Washington.

The term **"Portland Harbor Site"** refers to the Portland Harbor Superfund Site, which the U.S. Environmental Protection Agency (EPA) designated as EPA ID ORSFN1002155 and as defined in the Record of Decision signed on January 3, 2017 by the EPA Administrator and as modified by the Explanation of Significant Differences (Dec. 9, 2019), Errata #1 (April 2018), Errata #2 (Jan. 2020), Errata #3 (Sept. 2022), and Errata #4 (Sept. 2025), and any future attachments, amendments and modifications thereto; any guidance relevant to the Portland Harbor Superfund Site issued by EPA; any consent decrees that may be entered in connection with the Portland Harbor Superfund Site; and the real property located within the Portland Harbor Superfund Site at 4850 NW Front Ave., Portland, Oregon, which the Oregon Department of Environmental Quality designated as a Portland Harbor Upland Source Control site, known as Environmental Cleanup Site Information No. 2372, and any associated in-water structures and sediments owned, operated, leased and/or subleased by Lakeside, which includes, but is not limited to, anywhere contamination has come to be located on, in, or migrating to or from the real property at 4850 NW Front Ave., Portland, Oregon.

The term **"Mt. Solo Landfill Site"** refers to the cleanup site known as "Schill Brothers Asphalt & Paving" and "Mt Solo Landfill" with Facility Site ID 1085 and Cleanup Site ID 3028,

STIPULATED ORDER ENTERING PARTIAL DECLARATORY JUDGMENT REGARDING PLAINTIFF LAKESIDE INDUSTRIES, INC., CLAIMS AGAINST DEFENDANT THE PHOENIX INSURANCE COMPANY; ST. PAUL FIRE AND MARINE INSURANCE COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY; FIDELITY AND GUARANTY INSURANCE UNDERWRITERS INC.

Case No. 3:24-cv-05754-DGE

3

THE NADLER LAW GROUP PLLC
4621 S K St
Tacoma, WA 98408
(206) 621 1433

as currently defined or may be defined in the future by Washington Department of Ecology or any other regulatory entity with jurisdiction, which includes, but is not limited to, anywhere contamination has come to be located on, in, or migrating to or from the real property with Cowlitz County tax parcel number 107010101 and currently identified by the Department of Ecology and Cowlitz County Assessor with the street address 4646 Mt Solo Road, Longview, Washington.

The term **"Other Sites"** shall mean any site for which a claim is made against Lakeside for environmental liability other than the Aberdeen, Longview, Centralia, Portland Harbor or Mt. Solo sites.

The Aberdeen Site, Longview Site, Centralia Site, Portland Harbor Site, Mt. Solo Site and Other Sites shall be referred to collectively as "The Sites."

**B.      The Parties**

Lakeside is a Washington corporation with its principal place of business in Issaquah, Washington.

Phoenix is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

St. Paul is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

USF&G is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

FGIU is a Wisconsin corporation with its principal place of business in Hartford, Connecticut.

**C.      The Insurance Policies**

STIPULATED ORDER ENTERING PARTIAL DECLARATORY JUDGMENT REGARDING PLAINTIFF LAKESIDE INDUSTRIES, INC., CLAIMS AGAINST DEFENDANT THE PHOENIX INSURANCE COMPANY; ST. PAUL FIRE AND MARINE INSURANCE COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY; FIDELITY AND GUARANTY INSURANCE UNDERWRITERS INC.

Case No. 3:24-cv-05754-DGE

4

THE NADLER LAW GROUP PLLC
4621 S K St
Tacoma, WA 98408
(206) 621 1433

**Exhausted USF&G Primary Policies**: USF&G issued the following primary insurance policies providing third party property damage liability coverage to Lakeside for the Sites (hereinafter, the "Exhausted USF&G Primary Policies").

| Policy Number | Policy Period | Property Damage Policy Limit |
| --- | --- | --- |
| 1CC462156 | 12/31/1971 – 12/31/1972 | $100,000 per occurrence $100,000 aggregate |
| 1CC510748 | 10/31/1972 – 10/31/1975 | $100,000 per occurrence $100,000 annual aggregate |
| 1CC557538 | 12/31/1972 – 12/31/1975 | $100,000 per occurrence $100,000 annual aggregate |
| 1CC895786 | 10/31/1975 – 10/31/1976 | $100,000 per occurrence $100,000 aggregate |
| 1CCA11599 | 10/31/1976 – 10/31/1977 | $100,000 per occurrence $100,000 aggregate |
| 1CCB12526 | 10/31/1977 – 10/31/1978 | $100,000 per occurrence $100,000 aggregate |
| 1CCC13486 | 10/31/1978 – 10/31/1979 | $100,000 per occurrence $100,000 aggregate |
| 1CCD10737 | 10/31/1979 – 10/31/1980 | $100,000 per occurrence $100,000 aggregate |
| 1CCD68321 | 10/31/1980 – 10/31/1981 | $100,000 per occurrence $100,000 aggregate |
| _____298319 | 10/31/1981 – 10/31/1982 | $100,000 per occurrence |

STIPULATED ORDER ENTERING PARTIAL DECLARATORY JUDGMENT REGARDING PLAINTIFF LAKESIDE INDUSTRIES, INC., CLAIMS AGAINST DEFENDANT THE PHOENIX INSURANCE COMPANY; ST. PAUL FIRE AND MARINE INSURANCE COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY; FIDELITY AND GUARANTY INSURANCE UNDERWRITERS INC.

Case No. 3:24-cv-05754-DGE

5

THE NADLER LAW GROUP PLLC
4621 S K St
Tacoma, WA 98408
(206) 621 1433

|  |  | $100,000 aggregate |
| --- | --- | --- |
| MP737891 | 10/31/1982 – 10/31/1983 | $100,000 per occurrence $100,000 aggregate |
| MP489833 | 10/31/1983 – 10/31/1984 | $100,000 per occurrence $100,000 aggregate |
| MP056608827 | 10/31/1984 – 10/31/1985 | $100,000 per occurrence $100,000 aggregate |

The per occurrence and aggregate limits of the Exhausted USF&G Primary Policies have been exhausted by indemnity payments by USF&G, and the Exhausted USF&G Primary Policies have no further obligation to pay defense or indemnity.

**Hawaii JV Policies:** USF&G issued the following primary insurance policies providing third party property damage liability coverage to Red-Samm Mining Co. and General Construction Co. as a joint venture (hereinafter the "Hawaii JV Policies").

| Policy Number | Policy Period |
| --- | --- |
| 1CC673403 | 1/23/1974 – 1/23/1975 |
| 1CC807939 | 1/23/1975 – 1/23/1976 |
| 1CC895822 | 4/23/1972 – 4/23/1977 |

The Hawaii JV Policies do not provide coverage for the Sites.

**USF&G Pollution Exclusion Policies:** USF&G issued the following primary policies that have pollutions exclusions precluding third party liability coverage for environmental claims at or arising from the Sites:

| Policy Number | Policy Period |
| --- | --- |

STIPULATED ORDER ENTERING PARTIAL DECLARATORY JUDGMENT REGARDING PLAINTIFF LAKESIDE INDUSTRIES, INC., CLAIMS AGAINST DEFENDANT THE PHOENIX INSURANCE COMPANY; ST. PAUL FIRE AND MARINE INSURANCE COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY; FIDELITY AND GUARANTY INSURANCE UNDERWRITERS INC.

6

THE NADLER LAW GROUP PLLC
4621 S K St
Tacoma, WA 98408
(206) 621 1433

Case No. 3:24-cv-05754-DGE

| | |
|---|---|
| MP064085439 | 10/31/1985 – 10/31/1986 |
| MP075316923 | 10/31/1986 – 10/31/1987 |

**Exhausted USF&G Excess Policies**: USF&G issued the following commercial excess insurance policies providing third party property damage liability coverage to Lakeside for the Sites (hereinafter, the "Exhausted USF&G Excess Policies"):

| Policy Number | Policy Period | Policy Limits |
|---|---|---|
| CEP022866 | 10/31/1981 – 10/31/1982 | $1 million per occurrence $1 million aggregate |
| CEP025385 | 10/31/1982 – 10/31/1983 | $1 million per occurrence $1 million aggregate |

The per occurrence and aggregate limits of the Exhausted USF&G Excess Policies have been exhausted by indemnity payments by USF&G, and the USF&G Excess Policies have no further obligation to pay defense or indemnity.

**Exhausted FGIU Policy**: FGIU issued the following primary insurance policy providing third party property damage liability coverage to Lakeside for the Sites (hereinafter, the "Exhausted FGIU Policy"):

| Policy Number | Policy Period | Property Damage Policy Limit |
|---|---|---|
| MPO6712 | 12/31/1975 – 12/31/1978 | $100,00 per occurrence $100,000 annual aggregate |

The per occurrence and aggregate limits of the Exhausted FGIU Policy have been exhausted by indemnity payments by FGIU, and the FGIU Policy has no further obligation to pay defense or indemnity.

STIPULATED ORDER ENTERING PARTIAL
DECLARATORY JUDGMENT REGARDING
PLAINTIFF LAKESIDE INDUSTRIES, INC.,
CLAIMS AGAINST DEFENDANT THE
PHOENIX INSURANCE COMPANY; ST. PAUL
FIRE AND MARINE INSURANCE COMPANY;
UNITED STATES FIDELITY AND GUARANTY
COMPANY; FIDELITY AND GUARANTY
INSURANCE UNDERWRITERS INC.

Case No. 3:24-cv-05754-DGE

7

THE NADLER LAW GROUP PLLC
4621 S K St
Tacoma, WA 98408
(206) 621 1433

**Phoenix Policy**: Phoenix issued the following primary insurance policy providing third party property damage liability coverage to Lakeside for the Sites (hereinafter, the "Phoenix Policy"). The Phoenix Policy's policy limits are fully unimpaired as of the date of this order, and fully available to pay defense and indemnity benefits with respect to the Portland Harbor Site, Longview Site, or Other Site as more fully described elsewhere in this order. Phoenix's obligation to defend and indemnify Lakeside with respect to the Portland Harbor Site, Longview Site or Other Site shall terminate upon payment by Phoenix of the $100,000 aggregate limit for the Phoenix Policy for covered costs properly characterized as indemnity as more fully described elsewhere in this order, or completion of cleanup, whichever occurs first. Lakeside will not further seek, defense or indemnity from the Phoenix Policy for the Aberdeen Site, Centralia Site and Mt. Solo Site also as more fully described elsewhere in this order.

| Policy Number | Policy Period | Property Damage Policy Limit |
| --- | --- | --- |
| TOP58-017656 | 2/5/1967 – 2/5/1968 | $100,000 per occurrence $100,000 aggregate |

St. Paul is alleged to have issued to Lakeside Industries and Lakeside Sand and Gravel, Inc. the following liability insurance policies that have pollution exclusions which preclude third party property damage liability coverage to Lakeside for the Sites: CK08400518, 684NC9428, 684NC9986, 584XB3763, 584XB3825, 684ND0016, 684ND0019, 684ND0021, KK08300086, KK08300203, KK08300322, KK08300455, KK08400138, KK08400231, KK08400293, KK08400359, KK08400389, KK08400402, ZUP-61M58736-16, ZUP-61M58736-17, ZUP-61M58736-18, and ZUP-61M58736-19 ("St. Paul Policies").

STIPULATED ORDER ENTERING PARTIAL DECLARATORY JUDGMENT REGARDING PLAINTIFF LAKESIDE INDUSTRIES, INC., CLAIMS AGAINST DEFENDANT THE PHOENIX INSURANCE COMPANY; ST. PAUL FIRE AND MARINE INSURANCE COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY; FIDELITY AND GUARANTY INSURANCE UNDERWRITERS INC.

Case No. 3:24-cv-05754-DGE

8

THE NADLER LAW GROUP PLLC
4621 S K St
Tacoma, WA 98408
(206) 621 1433

**D.    Relief Granted**

Pursuant to Fed. R. Civ. P. 58, this order enters judgment in favor of Lakeside and against Phoenix, on Lakeside's Second Claim for Relief (Declaratory Relief) in its First Amended Complaint for Damages and Declaratory Judgment as follows.

NOW, THEREFORE, the Court hereby:

ORDERS that judgment be entered, as set forth herein, in favor of Lakeside and against Phoenix on Lakeside's Second Claim for Relief (Declaratory Relief);

ORDERS that Judgment be entered, as set forth herein, in favor of USF&G, FGIU and St. Paul and against Lakeside on Lakeside's Second Claim for Relief (Declaratory Relief);

DECLARES that Phoenix is obligated under the Phoenix Policy to defend and indemnify Lakeside against all reasonable and necessary defense costs, and all remediation costs (subject to the aggregate limit of liability in the Phoenix Policy, and the other limitations stated in this Judgment) arising out of the subject environmental liabilities at the Portland Harbor Site and the Longview Site;

DECLARES that Phoenix is not obligated under the Phoenix Policy, to provide defense and/or indemnify coverage to Lakeside for defense costs and/or remediation costs or otherwise, arising out of property damage and environmental liabilities at the Aberdeen Site, Centralia Site, and Mt. Solo Site;

DECLARES that Phoenix is jointly and severally liable, along with Liberty/Safeco and TIG, for all reasonable and necessary defense costs incurred by Lakeside after the date of this order in connection with the Portland Harbor Site and the Longview Site until cleanup of the sites has

STIPULATED ORDER ENTERING PARTIAL DECLARATORY JUDGMENT REGARDING PLAINTIFF LAKESIDE INDUSTRIES, INC., CLAIMS AGAINST DEFENDANT THE PHOENIX INSURANCE COMPANY; ST. PAUL FIRE AND MARINE INSURANCE COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY; FIDELITY AND GUARANTY INSURANCE UNDERWRITERS INC.

Case No. 3:24-cv-05754-DGE

9

THE NADLER LAW GROUP PLLC
4621 S K St
Tacoma, WA 98408
(206) 621 1433

been achieved or exhaustion of the applicable occurrence and/or aggregate limits of the Phoenix Policy, whichever occurs first;

DECLARES that Phoenix shall pay its respective share of all reasonable and necessary defense costs within 45 days from the date of submission by Lakeside. Phoenix, Liberty/Safeco and TIG shall, however, be jointly and severally liable for all reasonable and necessary defense costs incurred by Lakeside in connection with the Portland Harbor Site and Longview Site and, if one insurer does not pay within 45 days, Lakeside shall notify the other insurers of the nonpayment, and the other insurers shall promptly pay the non-paying insurer's share. Lakeside shall clearly identify defense costs as such when it submits such costs for payment. If Phoenix objects to Lakeside's categorization of certain costs as defense, it shall notify Lakeside of such objection within 30 days and identify the basis for such objection, unless Phoenix requests an additional 30 days to review bills to make this determination, and Lakeside shall not unreasonably refuse any such reasonable request. Lakeside shall have the right to withdraw any request for payment at any time up to sixty days after a ruling by this Court as to whether a certain cost is for defense or indemnity. If such a request is withdrawn after payment is issued, Lakeside will return such payment;

DECLARES that the following categories of anticipated future costs will be categorized as defense costs:

- All reasonable and necessary legal and consultant fees and costs incurred in connection with the Portland Harbor Site through (a) the entry of a consent decree with the United States of America (and all parties who may be signatories to the consent decree) resolving Lakeside's liability at the Portland Harbor Site, or (b) the

STIPULATED ORDER ENTERING PARTIAL DECLARATORY JUDGMENT REGARDING PLAINTIFF LAKESIDE INDUSTRIES, INC., CLAIMS AGAINST DEFENDANT THE PHOENIX INSURANCE COMPANY; ST. PAUL FIRE AND MARINE INSURANCE COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY; FIDELITY AND GUARANTY INSURANCE UNDERWRITERS INC.

10

THE NADLER LAW GROUP PLLC
4621 S K St
Tacoma, WA 98408
(206) 621 1433

Case No. 3:24-cv-05754-DGE

signing of all private settlement agreements addressing and/or resolving Lakeside's liability at the Portland Harbor Site, whichever is later.

- Lakeside's allocated share of past costs incurred or to be reimbursed by members of the Participation and Common Interest Group ("PCI Group") in connection with the Portland Harbor Site for preliminary assessments, remedial investigations, risk assessments, or other necessary investigation (but not remedial design or implementation of the remedy), as those terms are defined by rule by the Oregon Department of Environmental Quality.

- Any future costs incurred at the Portland Harbor Site for preliminary assessments, remedial investigations, risk assessments, or other necessary investigation (but not remedial design or implementation of the remedy), as those terms are defined by rule by the Oregon Department of Environmental Quality.

- Any reasonable and necessary legal and consultant fees and costs incurred in connection with the Portland Harbor Site that have not been reimbursed by the carriers as of the effective date of this order.

- All costs incurred in connection with the Longview site related to any investigation, characterization, study, and evaluation to determine the source, type, and extent of contamination in all media, including but not limited to sediment, required by the Washington Department of Ecology or otherwise necessary to meet the substantive requirements of Washington's Model Toxics Control Act (Chapter 70A.305 RCW) and its implementing regulations (Chapter 173-340 WAC), including any costs for coordinating with and reporting to the Department of Ecology for its technical assistance and opinions.

- All reasonable and necessary legal costs incurred in connection with the Longview site, including but not limited to costs associated with potential claims relating to cost recovery or contribution claims against other potentially liable parties.

DECLARES that Phoenix shall have no obligation under the Phoenix Policy to defend Lakeside at the Centralia Site, Aberdeen Site and Mt. Solo Site;

DECLARES that Phoenix shall have no obligation under the Phoenix Policy to indemnify Lakeside for soil remediation costs, except to the extent that such costs are necessary to remediate groundwater contamination or cut off a pollutant pathway from soil to groundwater;

STIPULATED ORDER ENTERING PARTIAL DECLARATORY JUDGMENT REGARDING PLAINTIFF LAKESIDE INDUSTRIES, INC., CLAIMS AGAINST DEFENDANT THE PHOENIX INSURANCE COMPANY; ST. PAUL FIRE AND MARINE INSURANCE COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY; FIDELITY AND GUARANTY INSURANCE UNDERWRITERS INC.

Case No. 3:24-cv-05754-DGE

11

THE NADLER LAW GROUP PLLC
4621 S K St
Tacoma, WA 98408
(206) 621 1433

DECLARES that Phoenix shall have no obligation under the Phoenix Policy to pay for any capital improvements or infrastructure upgrades (*e.g.,* no "betterment"). Provided, however, that this paragraph does not apply to any activity that is deemed by a regulatory agency to be necessary to effectuate investigation or remediation activities for currently zoned use, or to comply with changes in zoning, provided such changes are not initiated or voluntarily undertaken by Lakeside;

DECLARES that Lakeside shall have the sole authority to determine what indemnity costs to submit for payment to Phoenix, which costs Lakeside shall clearly identify as "indemnity costs" upon submitting them for payment. Phoenix shall twice yearly provide an accounting of defense and indemnity costs paid to date under the Phoenix Policy; and

DECLARES that the property damage limits of liability for each and every one of the Exhausted USF&G Primary Policies, the Exhausted USF&G Excess Policies, and the Exhausted FGIU Policy are exhausted;

DECLARES that the USF&G Pollution Exclusion Policies and St. Paul Policies have pollution exclusions which preclude defense and indemnity coverage to Lakeside for potential environmental contamination and/or property damage at the Sites;

DECLARES that the Hawaii JV Policies do not provide defense or indemnity coverage to Lakeside for potential environmental contamination and/or property damage at the Portland Harbor Site, the Longview Site, the Aberdeen Site, the Centralia Site and the Mt. Solo Site;

The Court retains jurisdiction pursuant to 28 U.S.C. § 2201 to grant further relief whenever necessary or proper, in order to enforce this declaratory judgment, including, but not limited to, enforcement of payment by Phoenix of defense and/or indemnity costs Lakeside incurs in connection with the environmental liabilities at the Portland Harbor Site and the Longview Site, until the property damage limits of liability for the Phoenix Policy are exhausted by indemnity payments.

STIPULATED ORDER ENTERING PARTIAL DECLARATORY JUDGMENT REGARDING PLAINTIFF LAKESIDE INDUSTRIES, INC., CLAIMS AGAINST DEFENDANT THE PHOENIX INSURANCE COMPANY; ST. PAUL FIRE AND MARINE INSURANCE COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY; FIDELITY AND GUARANTY INSURANCE UNDERWRITERS INC.

12

THE NADLER LAW GROUP PLLC
4621 S K St
Tacoma, WA 98408
(206) 621 1433

Case No. 3:24-cv-05754-DGE

Dated this 8th day of July, 2026.

David G. Estudillo
United States District Judge

PRESENTED BY:

THE NADLER LAW GROUP LLP

BY __s/ *John S. Dolese*_____
        Mark Nadler, WSBA No. 18126
        Michael Harvey, WSBA No. 51813
        Jay Carlson, WSBA No. 30411, of Counsel
        John Dolese, WSBA No. 18015, of Counsel
        *Counsel for Plaintiff, Lakeside Industries, Inc.*

PRESENTED BY:

DAVIS WRIGHT TREMAINE, LLP

BY __s/ *Everett W. Jack*_____
        Everett W. Jack, WSBA No. 47076
        Stephen P. Caplow, WSBA No. 19843
        Adam Jones, WSBA No. 50159
        *Counsel for Defendants, The Phoenix Insurance Company, United States Fidelity and*
        *Guaranty Company, Fidelity and Guaranty Insurance Underwriters, Inc., St. Paul*
        *Marine and Fire Insurance Company*

STIPULATED ORDER ENTERING PARTIAL
DECLARATORY JUDGMENT REGARDING
PLAINTIFF LAKESIDE INDUSTRIES, INC.,
CLAIMS AGAINST DEFENDANT THE
PHOENIX INSURANCE COMPANY; ST. PAUL
FIRE AND MARINE INSURANCE COMPANY;
UNITED STATES FIDELITY AND GUARANTY
COMPANY; FIDELITY AND GUARANTY
INSURANCE UNDERWRITERS INC.

Case No. 3:24-cv-05754-DGE

13          THE NADLER LAW GROUP PLLC
                      4621 S K St
                  Tacoma, WA 98408
                   (206) 621 1433