**The Hon. David G. Estudillo**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAKESIDE INDUSTRIES, INC., | Case No. 3:24-cv-05754-DGE |
| Plaintiff, | STIPULATED ORDER ENTERING PARTIAL DECLARATORY JUDGMENT FOR PLAINTIFF LAKESIDE INDUSTRIES, INC., AGAINST DEFENDANT GENERAL REINSURANCE CORPORATION |
| v. | |
| GENERAL REINSURANCE CORPORATION; INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; LIBERTY MUTUAL INSURANCE COMPANY; SAFECO INSURANCE COMPANY; TIG INSURANCE COMPANY; PHOENIX INSURANCE COMPANY; ST. PAUL FIRE & MARINE INSURANCE COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY; FIDELITY AND GUARANTY INSURANCE UNDERWRITERS INC., | |
| Defendants. | |

This order enters partial declaratory judgment for Plaintiff Lakeside Industries, Inc.

("Lakeside") against Defendant General Reinsurance Corporation ("Gen Re") for coverage for

ORDER ENTERING PARTIAL DECLARATORY
JUDGMENT FOR PLAINTIFF LAKESIDE INDUSTRIES,
INC., AGAINST DEFENDANT TIG INSURANCE
COMPANY, LIBERTY MUTUAL INSURANCE
COMPANY AND SAFECO INSURANCE COMPANY OF
AMERICA

Case No. 3:24-cv-05754-DGE

CLYDE & CO US LLP
600 Stewart Street, Suite 400, #6262
Seattle, Washington 98101
Tel: (206) 652-3271 / Fax: (206) 652-3205

Lakeside's environmental liability under policies issued by North Star Reinsurance Corporation ("North Star")[1] for which Lakeside alleges Gen Re is responsible.

**A.    The Sites**

The "Aberdeen Site" refers to the cleanup site known as "Lakeside Industries Aberdeen" with  Facility Site ID 84657452 and Cleanup Site ID 3390, as currently defined or may be defined in the future by Washington Department of Ecology or any other regulatory entity with jurisdiction, which includes, but is not limited to, anywhere known or newly discovered contamination has come to be located on, in, or migrating to or from the real property with Grays Harbor County tax parcel number 317091011005 and currently identified with the street address 2400 Sargent Boulevard, Aberdeen, Washington.

The "Longview Site" refers to the cleanup site known as "Lonestar" and "Cowlitz Redimix Inc." with Facility Site ID 8138418 and Cleanup Site ID 10598, as currently defined or may be defined in the future by Washington Department of Ecology or any other regulatory entity with jurisdiction, which includes, but is not limited to, anywhere contamination has come to be located on, in, or migrating to or from the real property with Cowlitz County tax parcel numbers 10638, 10645, and 106470100, and currently identified by the Department of Ecology with the street address 280 Tennant Way, Longview, Washington. On June 27, 2024, with Resolution No. 2505, the City of Longview determined that a portion of Tennant Way will be known as Swanson Way. The current street addresses for the real property associated with those parcel numbers include 500 Swanson Way, 400 Swanson Way, and 300 Swanson Way in Longview, Washington.

The term "Centralia Site" refers to the cleanup sites known as "Lakeside Industries Centralia" with Facility Site ID 13796544 and Cleanup Site ID 15050 and "Lakeside Industries Former Asphalt Plant" with Facility Site ID 13796544 and Cleanup Site ID 15055, as currently

---

[1] Gen Re is the successor-in-interest to North Star.

ORDER ENTERING PARTIAL DECLARATORY JUDGMENT FOR PLAINTIFF LAKESIDE INDUSTRIES, INC., AGAINST DEFENDANT GENERAL REINSURANCE CORPORATION

2

THE NADLER LAW GROUP
4621 S K St
Tacoma, Washington 98408
Tel: (206) 621-1433

Case No. 3:24-cv-05754-DGE

defined or may be defined in the future by Washington Department of Ecology or any other regulatory entity with jurisdiction, which includes, but is not limited to, anywhere contamination has come to be located on, in, or migrating to or from the real property with Lewis County tax parcel numbers 023602001001 and 009772001000 and currently identified with the street address 2001 Johnson Road, Centralia, Washington.

The term "Portland Harbor Site" refers to the Portland Harbor Superfund Site, which the U.S. Environmental Protection Agency (EPA) designated as EPA ID ORSFN1002155 and as defined in the Record of Decision signed on January 3, 2017 by the EPA Administrator and as modified by the Explanation of Significant Differences (Dec. 9, 2019), Errata #1 (April 2018), Errata #2 (Jan. 2020), Errata #3 (Sept. 2022), and Errata #4 (Sept. 2025), and any future attachments, amendments and modifications thereto; any guidance relevant to the Portland Harbor Superfund Site issued by EPA; any consent decrees that may be entered in connection with the Portland Harbor Superfund Site; and the real property located within the Portland Harbor Superfund Site at 4850 NW Front Ave., Portland, Oregon, which the Oregon Department of Environmental Quality designated as a Portland Harbor Upland Source Control site, known as Environmental Cleanup Site Information No. 2372, and any associated in-water structures and sediments owned, operated, leased and/or subleased by Lakeside.

**B.      The Parties**

Lakeside is a Washington corporation with its principal place of business in Issaquah, Washington.

Gen Re is a Delaware corporation with its principal place of business in Connecticut.

**C.      The Insurance Policies**

Gen Re issued the following excess insurance policies that include third party property damage liability coverage to Lakeside (hereinafter, the "Gen Re Policies"):

    a.  NSX #6124 (1/15/71 – 1/15/72): provides coverage for Centralia and Portland Harbor only

ORDER ENTERING PARTIAL DECLARATORY JUDGMENT FOR PLAINTIFF LAKESIDE INDUSTRIES, INC., AGAINST DEFENDANT GENERAL REINSURANCE CORPORATION

3

THE NADLER LAW GROUP
4621 S K St
Tacoma, Washington 98408
Tel: (206) 621-1433

Case No. 3:24-cv-05754-DGE

    b.   NSX #9070 (2/5/71 – 2/5/72): provides coverage for Centralia and Portland Harbor only

    c.   NSX #10152 (10/31/72 – 10/31/73): provides coverage for all sites

    d.   NSX #11810 (10/31/73 – 10/31/76): provides coverage for all sites

    e.   NSX #14566 (10/31/76 – 10/31/78): provides coverage for all sites

    f.   NSX #14566A (10/31/78-10/31/79): provides coverage for all sites

    g.   NSX #14566B (10/31/79-10/31/80): provides coverage for all sites

    h.   NSU #20172-C (10/31/80 – 10/31/81): provides coverage for all sites

**D.    Relief Granted**

Pursuant to Fed. R. Civ. P. 58, this Order enters judgment in favor of Lakeside and against Gen Re, on Lakeside's Second Claim for Relief (Declaratory Relief) in its First Amended Complaint for Damages and Declaratory Judgment.

NOW, THEREFORE, the Court hereby:

ORDERS that judgment be entered, as set forth herein, in favor of Lakeside and against Gen Re on Lakeside's Second Claim for Relief (Declaratory Relief);

DECLARES that, subject to satisfaction of the attachment points of each of the Gen Re Policies, Gen Re is obligated under the Gen Re Policies to pay indemnity (including natural resource damages) and reasonable and necessary defense costs as they are incurred by Lakeside, subject to the applicable policy limits, arising out of the subject environmental liabilities at the Aberdeen Site, Centralia Site, Longview Site, and Portland Harbor Site as set forth in Section C above;

DECLARES that the Gen Re Policies do not provide coverage for capital improvements/infrastructure upgrades (*e.g.,* no "betterment").   However, this exclusion to

ORDER ENTERING PARTIAL DECLARATORY
JUDGMENT FOR PLAINTIFF LAKESIDE INDUSTRIES,
INC., AGAINST DEFENDANT GENERAL
REINSURANCE CORPORATION

4

THE NADLER LAW GROUP
4621 S K St
Tacoma, Washington 98408
Tel: (206) 621-1433

Case No. 3:24-cv-05754-DGE

coverage does not apply to any activity that is deemed by a regulatory agency to be necessary to effectuate investigation or remediation activities for currently zoned use, or to comply with changes in zoning, provided such changes are not initiated or voluntarily undertaken by Lakeside;

DECLARES that Gen Re shall make payments within 45 days from the date of submission by Lakeside. If Gen Re objects to the submission of certain costs, Gen Re shall notify Lakeside of such objection within 30 days and identify the basis for such objection;

The Court retains jurisdiction pursuant to 28 U.S.C. § 2201 to grant further relief whenever necessary or proper, in order to enforce this declaratory judgment, including, but not limited to, resolution of lost policy issues.

### E.    The Obligations of Other Insurers are Not Eliminated by This Judgment and Any Contribution Rights of Gen Re are Preserved

Gen Re contends that it may have contribution rights against other insurers based on any future payments it makes to Lakeside.  To the extent that Gen Re pays sums for which other insurers may be liable, the existence of this judgment shall not in any way reduce or impair any contribution rights of Gen Re.

Dated this 16th day of July, 2026.

David G. Estudillo
United States District Judge

ORDER ENTERING PARTIAL DECLARATORY
JUDGMENT FOR PLAINTIFF LAKESIDE INDUSTRIES,
INC., AGAINST DEFENDANT GENERAL
REINSURANCE CORPORATION

5

Case No. 3:24-cv-05754-DGE

PRESENTED BY:

THE NADLER LAW GROUP PLLC


BY ___/s/ *John S. Dolese*_____ _
         Mark Nadler, WSBA No. 18126
         Michael Harvey, WSBA No. 51813
         Jay Carlson, WSBA No. 30411, of Counsel
         John Dolese, WSBA No. 18015, of Counsel
         *Counsel for Plaintiff, Lakeside Industries, Inc.*



PRESENTED BY:

CLYDE & CO.


BY ___/s/ *Charlie A. Henty*_____ _
         Charles A. Henty, WSBA No. 39222
         Daniel L. Syhre, WSBA No. 34158
         *Counsel for Defendant General Reinsurance*
         *Corporation*

ORDER ENTERING PARTIAL DECLARATORY
JUDGMENT FOR PLAINTIFF LAKESIDE INDUSTRIES,
INC., AGAINST DEFENDANT GENERAL
REINSURANCE CORPORATION

6

THE NADLER LAW GROUP
4621 S K St
Tacoma, Washington 98408
Tel: (206) 621-1433

Case No. 3:24-cv-05754-DGE