**The Hon. David G. Estudillo**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAKESIDE INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL REINSURANCE CORPORATION; INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; LIBERTY MUTUAL INSURANCE COMPANY; SAFECO INSURANCE COMPANY; TIG INSURANCE COMPANY; PHOENIX INSURANCE COMPANY; ST. PAUL FIRE & MARINE INSURANCE COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY; FIDELITY AND GUARANTY INSURANCE UNDERWRITERS INC.,<br><br>Defendants. | Case No. 3:24-cv-05754-DGE<br><br>ORDER ENTERING PARTIAL DECLARATORY JUDGMENT FOR PLAINTIFF LAKESIDE INDUSTRIES, INC., AGAINST DEFENDANT THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA |

This order enters partial declaratory judgment for Plaintiff Lakeside Industries, Inc. (“Lakeside”) against Defendant The Insurance Company of the State of Pennsylvania (“ICSOP”) for coverage for Lakeside’s environmental liability under a policy issued by ICSOP to Washington Asphalt Company, Lakeside’s alleged predecessor in interest.



THE NADLER LAW GROUP PLLC
4621 South K Street
Tacoma, Washington 98408
206-621-1433

**A. The Sites**

The term "Centralia Site" refers to the cleanup sites known as "Lakeside Industries Centralia" with Facility Site ID 13796544 and Cleanup Site ID 15050 and "Lakeside Industries Former Asphalt Plant" with Facility Site ID 13796544 and Cleanup Site ID 15055, as currently defined or may be defined in the future by Washington Department of Ecology or any other regulatory entity with jurisdiction, which includes, but is not limited to, anywhere contamination has come to be located on, in, or migrating to or from the real property with Lewis County tax parcel numbers 023602001001 and 009772001000 and currently identified with the street address 2001 Johnson Road, Centralia, Washington.

The term "Portland Harbor Site" refers to the Portland Harbor Superfund Site, which the U.S. Environmental Protection Agency (EPA) designated as EPA ID ORSFN1002155 and as defined in the Record of Decision signed on January 3, 2017 by the EPA Administrator and as modified by the Explanation of Significant Differences (Dec. 9, 2019), Errata #1 (April 2018), Errata #2 (Jan. 2020), Errata #3 (Sept. 2022), and Errata #4 (Sept. 2025), and any future attachments, amendments and modifications thereto; any guidance relevant to the Portland Harbor Superfund Site issued by EPA; any consent decrees that may be entered in connection with the Portland Harbor Superfund Site; and the real property located within the Portland Harbor Superfund Site at 4850 NW Front Ave., Portland, Oregon, which the Oregon Department of Environmental Quality designated as a Portland Harbor Upland Source Control site, known as Environmental Cleanup Site Information No. 2372, and any associated in-water structures and sediments owned, operated, leased and/or subleased by Lakeside.

**B. The Parties**

Lakeside is a Washington corporation with its principal place of business in Issaquah, Washington.

ICSOP is an Illinois corporation with its principal place of business in New York.



THE NADLER LAW GROUP
4621 S K St
Tacoma, Washington 98408
Tel: (206) 621-1433

**C. The ICSOP Insurance Policy**

ICSOP issued the ICSOP policy numbered 430-1319, policy period of December 31, 1970 to December 31, 1973, which is an excess insurance policy that includes third party property damage liability coverage to Lakeside as set forth herein (hereinafter, the "ICSOP Policy").

**D. Relief Granted**

Pursuant to Fed. R. Civ. P. 58, this Order enters judgment in favor of Lakeside and against ICSOP, on Lakeside's Second Claim for Relief (Declaratory Relief) in its First Amended Complaint for Damages and Declaratory Judgment.

NOW, THEREFORE, the Court hereby:

ORDERS that judgment be entered, as set forth herein, in favor of Lakeside and against ICSOP on Lakeside's Second Claim for Relief (Declaratory Relief);

DECLARES that ICSOP is obligated under the ICSOP Policy to pay reasonable and necessary indemnity (including natural resource damages) and defense costs after they are incurred by Lakeside without reservation of rights, subject to the applicable limits of the ICSOP Policy as set forth in the next paragraph below and the limitations stated in this Judgment, arising out of the subject environmental liabilities at the Centralia Site and Portland Harbor Site as set forth in Section A above;

DECLARES that the limits of ICSOP's liability under the ICSOP Policy pursuant to this Judgment are as follows: the maximum coverage for the Portland Harbor Site is $2 million and the maximum coverage for the Centralia Site is $1 million;

DECLARES that Lakeside shall have the sole authority to decide which policy, including policies from other insurers, to submit each reimbursement request under;



THE NADLER LAW GROUP
4621 S K St
Tacoma, Washington 98408
Tel: (206) 621-1433

DECLARES that ICSOP shall make payments within 45 days from the date of submission by Lakeside of the full amount requested (subject to the requirements of this Judgment) without deduction for any other insurer's allocation. If ICSOP objects to the submission of any of the costs, ICSOP shall notify Lakeside of such objection within 30 days and identify the basis for such objection;

DECLARES that ICSOP has no obligation under the ICSOP Policy to pay for any capital improvements or infrastructure upgrades (*e.g.,* no "betterment"). Provided, however, that this paragraph does not apply to any activity that is deemed by a regulatory agency to be necessary to effectuate investigation or remediation activities for currently zoned use, or to comply with changes in zoning, provided such changes are not initiated or voluntarily undertaken by Lakeside;

The Court retains jurisdiction pursuant to 28 U.S.C. § 2201 to grant further relief whenever necessary or proper, in order to enforce this declaratory judgment.

**E. The Obligations of Other Insurers are Not Eliminated by This Judgment and Any Contribution Rights of ICSOP are Preserved**

ICSOP contends that it may have contribution rights against other insurers based on any future payments it makes to Lakeside. To the extent that ICSOP pays sums for which other insurers may be liable, the existence of this judgment shall not in any way reduce or impair any contribution rights of ICSOP.

**F. Pending Motions and Trial Date Stricken**

Having granted the joint motion (Dkt. No. 117), the Court STRIKES ICSOP's motion for partial summary judgment (Dkt. No. 77), Plaintiff's motion for summary judgment (Dkt. No. 84), and the motions in limine (Dkt. Nos. 114, 115). The Court further STRIKES the pretrial conference and trial date.



THE NADLER LAW GROUP
4621 S K St
Tacoma, Washington 98408
Tel: (206) 621-1433

Dated this 11th day of August, 2026.

David G. Estudillo
United States District Judge



THE NADLER LAW GROUP
4621 S K St
Tacoma, Washington 98408
Tel: (206) 621-1433